Steven W. Ritcheson (SBN 174062)
INSIGHT, PLC
578 Washington Blvd., #503
Marina del Rey, CA 90292
(818) 744-8714
swritcheson@insightplc.com

Hao Ni (*pro hac vice to be filed*)
hni@nilawfirm.com
Texas Bar No. 24047205
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
(972) 331-4600

*COUNSEL FOR PLAINTIFF*
*IMAGE PRO SOLUTIONS LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| IMAGE PRO SOLUTIONS LLC, | |
|---|---|
| *Plaintiff*, | Case No. _____ |
| v. | **ORIGINAL COMPLAINT** |
| OPTOMA TECHNOLOGY, INC., | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

## ORIGINAL COMPLAINT

Plaintiff Image Pro Solutions LLC ("Image Pro" or "Plaintiff") files this Original Complaint for patent infringement against Optoma Technology, Inc. ("Optoma" or "Defendant") and alleges as follows:

## THE PARTIES

1. Plaintiff Image Pro Solutions LLC is a limited liability company formed under the laws of the State of Delaware, with a principal place of business at 251 Little Falls Drive, Wilmington, DE 19808.

2. Upon information and belief, Defendant Optoma is a general stock corporation formed under the laws of the State of California, with a principal place of business at 47497 Westinghouse Drive, Fremont, California 94539.

3. Defendant may be served via its registered agent: Julie Wolf at 47497 Westinghouse Drive, Fremont, California 94539.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court may properly exercise personal jurisdiction over Defendant because Defendant is incorporated in this state and has its principal place of business in Alameda county.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant resides in this District.

## DIVISIONAL ASSIGNMENT

8. This action arises in Alameda county, as Defendant's principal place of business is at 47497 Westinghouse Drive, Fremont, California 94539. Therefore, pursuant to Civil L.R. 3-2(d), this action should be assigned to the Oakland Division or the San Francisco Division.

## THE ASSERTED PATENTS

9. U.S. Patent Nos. 7,407,297, 8,632,192, 9,560,307, 10,084,998, and 10,567,718 (collectively, "Asserted Patents") stem from the innovation of Klip Collective, Inc. ("Klip Collective").

10. The Asserted Patents are presumed valid and enforceable pursuant to Title 35 of the United States Code.

11. Generally, the Asserted Patents all claim methods and/or systems of mapping and/or projecting imagery.

12. Plaintiff is the owner by assignment of all rights in the Asserted Patents, including the sole and exclusive right to enforce the Asserted Patents against infringers, and to collect damages for all relevant times.

13. Klip Collective, the original assignee, is a company creating site-specific, immersive art installations. Klip Collective's audio and visual works are dynamic, large-scale explorations of perception and imagination. By interpreting and transforming architecture, landscape, and objects into active canvases framed by the dark of night, Klip Collective re-shapes the reality of a space.

14. In or around 2003, Ricardo Riveria founded Klip Collective and currently serves as the creative director and president.

15. Klip Collective pioneered immersive projections and installations. Examples of immersive installations by Klip Collective include the following:

klip
SOURCE
ON/STANDBY
FOCUS
ZOOM
SHIFT
share this:

klip
SOURCE
WE WERE
BUILT
TO EVOLVE

16. Klip Collective recognized that projection onto more complex surfaces or adjoining non-coplanar surfaces created distortions of the image. As such, Klip developed novel projection methods and systems to enable projection onto non-contiguous and/or non-adjacent surfaces as well as coordinating projection simultaneously onto multiple surfaces joined at corners.

17. Based on their technology, Klip Collective's novel inventions led to the issuance of U.S. Patent Nos. 7,407,297, 8,066,384, 8,632,192, 9,078,029, 9,560,307, 10,084,998, 10,567,718, 10,986,319, and pending U.S. Patent Application No. 17/230,012 (collectively, the "Klip Patents").

18. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

19. Defendant has had knowledge of infringement of the Asserted Patents by the Accused Instrumentalities since at least the filing of the Complaint.

20. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the Asserted Patents.

## THE ACCUSED INSTRUMENTALITIES

21. Upon information and belief, Defendant is the maker, user, and/or seller of various digital projector models (e.g. https://www.optomausa.com/products/projectors) operating with the Optoma Projection Mapper application ("Projection Mapper") (collectively, "Accused Instrumentalities"), that infringe various claims of the Asserted Patents.

22. Upon information and belief, Optoma first made Projection Mapper available for download from the iOS App Store, Google Play, and Amazon Appstore in or around October 25, 2016. *See* https://www.optomausa.com/press/press-releases/108.

23. Projection Mapper is the first mobile application to enable users to project images and video simultaneously onto multiple flat surfaces or three-dimensional objects to create artful entertainment displays. *Id*.

24. The idea behind Projection Mapper is to open the possibilities of professional-level mapping to the average consumer: "As projection increasingly becomes a mainstream entertainment experience, we're excited to bring fun and unique experiences to users," said Brian Soto, head of product management at Optoma. "Content mapping has existed in the professional realm for years, bringing art and entertainment to venues around the world. And with the holidays upon us, it opens endless possibilities for festive entertainment displays." *Id*.

25. Projection Mapper is designed for use with a digital projector and any Android, iOS, or Amazon Kindle Fire device. *Id*.

26. Projection Mapper is compatible with any projector that connects to smart devices via Airplay, Chromecast, or HDMI cable. *Id*.

27. The Optoma ZH403 model projector ("Exemplary Projector") is used herein for exemplary purposes only. Plaintiff maintains that any Optoma digital projector model capable of coupling to Projection Mapper is an infringing instrumentality.

28. Projection Mapper, when coupled with an Exemplary Projector, allows users to set multiple pieces of content to fit different surfaces simultaneously and to map onto multiple surfaces and shapes. *Id*.



(htpps://www.optoma/com/us/projection-mapper/)



(https://www.optomausa.com/product-details/zh403#gallery)

## CLAIM I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,407,297

29. On August 5, 2008, United States Patent No. 7,407,297 ("the '297 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Image Projection System and Method." Attached hereto as Exhibit A.

30. The '297 Patent generally discloses a system and method of mapping and/or projecting images onto a three-dimensional architecture comprising: a) identifying a projection location from which a line of sight exists to one or more desired surfaces of the architecture; b) securing a projection device in a fixed orientation in the projection location; c) operably coupling the projection device to a computer device, the computer device comprising a video compositing application; d) opening a composition window of the video compositing application, the composition window being displayed on a display module; e) projecting content of the composition window onto the architecture; f) inserting a matte into the composition window, an image of the matte being projected onto the architecture; and g) adjusting the size, shape, position, orientation, or any combination thereof of the matte within the composition window until edges of the projected image of the matte become aligned with edges of one of the desired surfaces of the architecture. Ex. A at Abstract.

31. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '297 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 1.

32. Specifically, Defendant and its end-user customers have directly infringed at least method claim 1 of the '297 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced

every element of method claim 1 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 1 when using the Accused Instrumentalities in their customary manner. *See* '297 Exemplary Infringement Chart, attached as Exhibit A-1.

33. Infringement of claim 1 is an example of infringement of the '297 Patent. Defendant and its end-user customers further infringe claims 2-20 of the '297 Patent.

34. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## CLAIM II – DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,632,192

35. On January 21, 2014, United States Patent No. 8,632,192 ("the '192 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Image Projection Kit and Method and System of Distributing Image Content for Use with the Same." Attached hereto as Exhibit B.

36. The '192 Patent discloses an image projection kit and an imagery content distribution system and method. In one aspect, the invention is a method of distributing projection clip files and/or displaying imagery associated with projection clip files on an architecture comprising: a) storing a plurality of projection clip files on a server that is accessible via a wide area network; b) authenticating a user's identity prior to allowing downloading of projection clip files stored on the server; c) identifying the projection clip files downloaded by the authenticated user; and d) charging the user a fee for the projection clip files downloaded by the user. Ex. B at Abstract.

37. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '192 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 7.

38. Specifically, Defendant and its end-user customers have directly infringed at least method claim 7 of the '192 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced every element of method claim 7 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 7 when using the Accused Instrumentalities in their customary manner. *See* '192 Exemplary Infringement Chart, attached as Exhibit B-1.

39. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### **CLAIM III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,560,307**

40. On January 21, 2014, United States Patent No. 9,560,307 ("the '307 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Image Projection Kit and Method and System of Distributing Image Content for Use with the Same." Attached hereto as Exhibit C.

41. The '307 Patent discloses a method for projecting imagery onto a plurality of non-coplanar surfaces includes: viewing one or more mattes on a display; projecting, from a projector device operatively coupled to the display, a projected image of the one or more mattes on the three-

dimensional surface; adjusting on the display the size, shape, position, orientation, or any combination thereof, of a first matte of the one or more mattes; viewing adjustments to the first matte on the display; and projecting the adjustments to the first matte so that edges of the projected image of the first matte are aligned with surface edges of at least one of the non-coplanar surfaces. Ex. C at Abstract.

42. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '307 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 1.

43. Specifically, Defendant and its end-user customers have directly infringed at least method claim 1 of the '307 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced every element of method claim 1 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 1 when using the Accused Instrumentalities in their customary manner. *See* '307 Exemplary Infringement Chart, attached as Exhibit C-1.

44. Infringement of claim 1 is an example of infringement of the '307 Patent. Defendant and its end-user customers further infringe claims 2-12 of the '307 Patent.

45. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## CLAIM IV – DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,084,998

46. On September 25, 2018, United States Patent No. 10,084,998 ("the '998 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Image Projection Kit and Method and System of Distributing Image Content for Use with the Same." Attached hereto as Exhibit D.

47. The '998 Patent discloses a method of projecting imagery comprising projecting on a surface, from a projector device, a projected image of a matte displayed on a display device; adjusting the size, shape, position, orientation, or any combination thereof, of the projected image of the matte by adjusting the matte displayed on the display device; associating imagery content with the matte; and projecting the associated imagery in the projected image of the matte. Ex. D at Abstract.

48. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '998 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 1.

49. Specifically, Defendant and its end-user customers have directly infringed at least method claim 1 of the '998 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced every element of method claim 1 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 1 when using the Accused Instrumentalities in their customary manner. *See* '998 Exemplary Infringement Chart, attached as Exhibit D-1.

50. Infringement of claim 1 is an example of infringement of the '998 Patent. Defendant and its end-user customers further infringe claims 2-17 of the '998 Patent.

51. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**CLAIM V – DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,567,718**

52. On February 18, 2022, United States Patent No. 10,567,718 ("the '718 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Image Projection Kit and Method and System of Distributing Image Content for Use with the Same." Attached hereto as Exhibit E.

53. The '718 Patent discloses a method of projecting imagery comprising projecting on a surface, from a projector device, a projected image of a matte displayed on a display device; adjusting the size, shape, position, orientation, or any combination thereof, of the projected image of the matte by adjusting the matte displayed on the display device; associating imagery content with the matte; and projecting the associated imagery in the projected image of the matte. Ex. E at Abstract.

54. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '718 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 2.

55. Specifically, Defendant and its end-user customers have directly infringed at least method claim 2 of the '718 Patent by using the Accused Instrumentalities, at least in the manner

of internal testing and development within the United States. For example, Defendant practiced every element of method claim 2 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 2 when using the Accused Instrumentalities in their customary manner. *See* '718 Exemplary Infringement Chart, attached as Exhibit E-1.

56. Infringement of claim 2 is an example of infringement of the '718 Patent. Defendant and its end-user customers further infringe claims 1, 3-22 of the '718 Patent.

57. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A. That a Judgment be entered that Defendants have infringed at least one or more claims of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B. An award of damages sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

C. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney fees;

D. Costs and expenses in this action;

E. An award of prejudgment and post-judgment interest; and

F.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury on all issues so triable by jury.

DATED: May 12, 2023

Respectfully submitted,

By: */s/ Steven W. Ritcheson*
Steven W. Ritcheson (SBN 174062)
INSIGHT, PLC
578 Washington Blvd., #503
Marina del Rey, CA 90292
818-744-8714
swritcheson@insightplc.com

Hao Ni (*pro hac vice to be filed*)
hni@nilawfirm.com
Texas Bar No. 24047205

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*COUNSEL FOR PLAINTIFF*
*IMAGE PRO SOLUTIONS LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, Oakland Division, using the electronic case filing system of the court. A true and complete copy of the foregoing document has been served upon all counsel of record.

*/s/ Steven W. Ritcheson*